10-1877-pr
*Brown v. Conway*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of May, two thousand twelve.

PRESENT: JOSEPH M. McLAUGHLIN,
         RICHARD C. WESLEY,
                  *Circuit Judges*,
         J. GARVAN MURTHA,
                  *District Judge.*[*]

─────────────────────────────────

RAYMOND BROWN,

                  *Petitioner-Appellant*,

         -v.-                                    10-1877-pr

JAMES CONWAY, Superintendent,
Attica Correctional Facility,

                  *Respondent-Appellee.*

─────────────────────────────────

FOR APPELLANT:     RANDALL D. UNGER, Bayside, NY.

FOR APPELLEES:     NANCY D. KILLIAN, Assistant District
                   Attorney (Joseph N. Ferdenzi, Assistant

─────────────────────

[*] The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

District Attorney, *on the brief*), *for* Robert T. Johnson, District Attorney for Bronx County, Bronx, NY.

Appeal from the United States District Court for the Southern District of New York (Wood, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Petitioner-Appellant Raymond Brown appeals from a judgment of the United States District Court for the Southern District of New York (Wood, *J.*), denying his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Brown challenges his conviction of two counts of Attempted Murder in the Second Degree, two counts of Criminal Possession of a Weapon in the Second Degree, and two counts of Criminal Possession of a Weapon in the Third Degree, following a jury trial in New York Supreme Court. We assume the parties' familiarity with the underlying facts and procedural history of the case.

"We review a district court's decision to grant or deny a habeas petition *de novo* and its findings of fact for clear error." *Hemstreet v. Greiner*, 491 F.3d 84, 89 (2d Cir. 2007). Because Brown's claim was adjudicated on the merits by the state court, we will not grant habeas relief unless

2

the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Moreover, "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Therefore, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

Brown contends that the trial court's rejection of a peremptory challenge denied him his constitutional right to a fair trial. Specifically, he argues that the trial court improperly found that defense counsel's explanation for the exercise of a peremptory challenge was pretextual under *Batson v. Kentucky*, 476 U.S. 79 (1986). We need not reach the merits of Brown's contention to decide this matter because "[t]he right to exercise peremptory challenges in state court is determined by state law." *Rivera v. Illinois*, 556 U.S. 148, 152 (2009). The Supreme Court has

3

repeatedly held that there is no federal constitutional right to peremptory challenges. *See, e.g.*, *id.*; *United States v. Martinez-Salazar*, 528 U.S. 304, 311 (2000); *Georgia v. McCollum*, 505 U.S. 42, 57 (1992). Indeed, "[s]tates may withhold peremptory challenges altogether without impairing the constitutional guarantee of an impartial jury and a fair trial." *Rivera*, 556 U.S. at 152 (internal quotation marks omitted). Here, Brown's claim does not implicate a federal constitutional right because he has made no assertion that the trial court's alleged error resulted in the empaneling of a juror who was in fact biased against him.[1] *See id.* at 157-58; *Ross v. Oklahoma*, 487 U.S. 81, 88 (1988). Neither does Brown assert that the trial court modified the *Batson* inquiry. *See Aki-Khuam v. Davis*, 339 F.3d 521 (7th Cir. 2003). Instead, he argues only that the trial court's finding of pretext was error. Accordingly, his sole claim that the trial court erroneously rejected his exercise of a peremptory challenge cannot form the basis for federal habeas relief. *See Hayes v. Conway*, No. 07-3656-pr, 2009 WL 320188, at *1-2 (2d Cir. Feb. 10, 2009).

---

[1] Although Brown questioned the manner in which the juror conveyed his ability to follow certain legal principles to the trial court, Brown did not move to strike the juror for cause.

We have considered Brown's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk